## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK BALESTIERE, JOSEPH DELUISE, SEAN GAYNOR, DANIEL KEENAN, SERGIO RIVAS, CARMINE RUTA, and JOSEPH NETO<br><br><br>Plaintiffs,<br><br><br>v.<br><br><br>TOWNSHIP OF WEST ORANGE, JONATHAN GROSS, ANTHONY VECCHIO, and ROBERT D. PARISI<br><br><br>Defendant. | CIVIL ACTION NO.:<br><br><br><br>Civil Action<br><br>Action Removed: ESX-L-1734-22<br><br><br>**NOTICE OF REMOVAL** |

**TO: CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

ON NOTICE TO:

      Clerk, Superior Court of New Jersey
      Essex County Superior Court
      50 West Market Street
      Newark, New Jersey 07601

John D. Coyle, Esq.
Coyle Law Group LLP
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Attorneys for Plaintiffs Frank Balestiere, Joseph Deluise, Sean Gaynor,
Daniel Keenan, Sergio Rivas, Carmine Ruta, and Joseph Neto

Clerk, United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

**Honorable Judges:**

Defendants Township of Township of West Orange (the "Township"), Jonathan Gross, Anthony Vecchio, and Robert D. Parisi (collectively the "Defendants"), by their undersigned counsel, hereby remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, based on the following grounds:

## I. <u>BACKGROUND</u>

1.    On or about March 17, 2022, Plaintiffs Frank Balestiere, Joseph Deluise, Sean Gaynor, Daniel Keenan, Sergio Rivas, and Carmine Ruta commenced the instant action against the Township in the Superior Court of New Jersey, Law Division, Essex County, New Jersey, Docket No.: ESX-L-1734-22, by the filing of their initial Complaint.

2.      On April 19, 2022, an Amended Complaint was filed adding Plaintiff Joseph Neto as an additional plaintiff.

3.      On August 10, 2022, Plaintiffs Frank Balestiere, Joseph Deluise, Sean Gaynor, Daniel Keenan, Sergio Rivas, Carmine Ruta and Joseph Neto (collectively the "Plaintiffs") file a motion for leave to file a Second Amended Complaint returnable on August 26, 2022.

4.       In that motion, the Plaintiffs sought to add four (4) additional counts against the Township under both Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as well as to add Defendants Business Administrator Jonathan Gross, Fire Chief Anthony Vecchio, and Mayor Robert D. Parisi with the Township as defendants in this matter (collectively   the "Defendants").

5.      On September 7, 2022, an Order was entered granting Plaintiffs leave to file the Second Amended Complaint.

6.      On September 7, 2022, Plaintiffs filed the Second Amended Complaint including the federal claims against the Defendants.

7.      The crux of Plaintiffs' claims in this litigation as set forth in the Second Amended Complaint is that the Defendants violated federal and state civil rights statutes in placing the Plaintiffs on unpaid leave pursuant to the Township's mandatory COVID-19 vaccination policy which required Township employees to

obtain the COVID-19 vaccine.  Plaintiffs argue that the Township failed to provide accommodations for Plaintiffs.

8.    This Notice of Removal is being filed within thirty (30) days after the Defendants' receipt of the Plaintiff's Motion for Leave to File a Second Amended Complaint with the proposed Second Amended Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## II. **JURISDICTION**

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  As explained below, the Plaintiffs' Second Amended Complaint raises federal questions by alleging a violation by Defendants of 42 U.S.C. §2000 and 42 U.S.C. §12112.  See Second Amended Complaint attached hereto as Exhibit **"A."**

## III.    **VENUE**

10.    Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey, Newark Vicinage, is the proper venue for removal jurisdiction because it embraces the place where this action is currently pending.

## IV.    **SUPPLEMENTAL JURISDICTION**

11.    This Court has supplemental jurisdiction over any non-removable causes of action because all of Plaintiffs' claims arise from the same nucleus of operative facts.  28 U.S.C. § 1367. Alternatively, this Court has jurisdiction over any non-removable claims pursuant to 28 U.S.C. § 1441(c).

12.     Defendants have not previously made an application for the relief sought herein, nor for any similar relief, to this or any other Court.

13.     By filing this notice of removal, the Defendants do not waive any defenses, including, but not limited to, those related to jurisdiction, venue and insufficiency of service of process.

**WHEREFORE**, the Township prays this Honorable Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for District of New Jersey.

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
290 W. Mt. Pleasant Avenue,
Suite 2350
Livingston, NJ 07039
Richard D. Trenk, Esq. (016951982)
rtrenk@trenkisabel.law
Attorneys for Defendant Township of West Orange, Jonathan Gross, Anthony Vecchio, and Robert D. Parisi

_____
RICHARD D. TRENK

Dated:  September 7, 2022

## <u>LOCAL CIVIL RULES 11.2 CERTIFICATION</u>

I, Richard D. Trenk, Esq., certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

_____
RICHARD D. TRENK

Dated:  September 7, 2022

# EXHIBIT A

# EXHIBIT A

**COYLE LAW GROUP LLP**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 370-0592
jcoyle@coylelawgroup.com
John D. Coyle 029632001
Donald A. Soutar 024521999
*Attorneys for Plaintiffs*

| | |
|---|---|
| FRANK BALESTRIERE, JOSEPH DELUISE, SEAN GAYNOR, DANIEL KEENAN, SERGIO RIVAS, CARMINE RUTA, and JOSEPH NETO<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF WEST ORANGE, JONATHAN GROSS, ANTHONY VECCHIO, AND ROBERT D. PARISI,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.: ESX-L-1734-22<br><br>**SECOND AMENDED COMPLAINT<br>WITH JURY DEMAND** |

1.   This action seeks redress for the willful, wanton, and intentional violation of the civil rights of public servants who have dedicated, and risked, their lives to protect the people of the Township of West Orange.

2.   Throughout the COVID-19 pandemic, Plaintiffs, Fire Fighters and Fire Captains employed by West Orange, placed their sworn vow to protect the public above their own health and safety.

3.   This is not mere hyperbole, rushing to provide aid and protection to the citizens of West Orange in the face of danger, these dedicated men and women contracted COVID-19, sadly often brought it home to their families despite their best efforts.

4.   Most people wonder exactly how they will react when faced with grave risks, burning buildings, armed criminals threatening, or actually harming innocent men, women, and children. But Plaintiffs do not wonder; rushing into danger is exactly what these Heroes do every day.

5.   Despite years, and at times decades of dedicated service and risking the ultimate sacrifice, the administration and attorneys for Defendants turn their back on these Heroes.

6.   This complaint seeks to hold Defendants accountable for the harm they caused to their dedicated servants.

7.   This action is the result of individual actors manipulating the articulation of public servant's religious beliefs to justify discrimination and economic coercion against them. It seeks injunctive relief for all Plaintiffs and all others similarly situated under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49. ("NJLAD"), and Title VII of the Civil Rights Act ("Title VII"), and the Americans With Disabilities Act ("ADA") for all Plaintiffs and all others similarly situated.

8.   Defendants imposed a condition of employment that required Plaintiffs to forego a sincerely held religious belief in violation of N.J.S.A. 10:5-12(q) and Title VII. Specifically, when Plaintiffs submitted requests for exemption from the mandatory COVID-19 policy, Defendant West Orange, Defendant Gross, and Defendant Vecchio retaliated against them by placing them on unpaid leave.

9.   Defendants also imposed a condition of employment that required Plaintiffs Carmine Ruta and Sergio Rivas to be vaccinated for COVID-19 against the explicit medical opinions of their medical providers. Plaintiff Carmine Ruta has a medical disability as defined by the NJ LAD and ADA that prevents him from receiving the COVID-19 vaccine. When Plaintiffs Ruta and Rivas submitted requests for medical exemptions from the mandatory COVID-19 policy, West Orange retaliated against them by placing them on unpaid leave.

10. Further, as discussed in greater detail below, the NJLAD, Title VII, and ADA required West Orange to engage in a *bona fide* interactive process to determine if Plaintiffs could perform

the essential functions of their job with an accommodation.

11. Defendants refused to conduct this good faith investigation, in flagrant disregard for the NJLAD, Title VII, and ADA.

12. Defendants have taken the following illegal and flagrantly discriminatory positions:

a. First, it stated it could not accommodate Plaintiffs and placed them on unpaid leave;

b. Second, it partially backtracked by stating accommodation was possible so long as all unvaccinated employees agreed to the exact same accommodations—regardless of their job duties;

c. Third, it reversed again, announcing that no unvaccinated employee could be accommodated;

d. Fourth, it reversed once more, again stating that accommodation was possible, but again, only if all of the plaintiffs agreed to the exact same accommodation.

e. Fifth, Defendants further made a mockery of the interactive process by requiring not only that all Plaintiffs accept the same accommodation, but that they also waive any claim for back pay, execute a full waiver and general release, and then waive the Civil Service Protections put in place by law under what has been called a "Last Clear Chance."

f. Under this mockery of an "accommodation," Plaintiffs were told that if there was a single instance of non-compliance with masking, that they would be immediately terminated without the progressive discipline required by Civil Service Law

g. Finally, after this lawsuit was filed, West Orange reversed *again* and changed its policy to allow all unvaccinated employees to work provided they comply with testing and masking as accommodations.

13. Additionally, while Plaintiffs were on unpaid leave, West Orange Mayor, Defendant Robert D. Parisi, scheduled a meeting with Plaintiffs and precluded them from having their attorneys present.

14. At that meeting, Defendant Parisi clearly and unequivocally stated that there would be no accommodations for <u>any</u> of the Plaintiffs unless all of them agreed to the same accommodation, they all dismissed their pending Complaints with the New Jersey Attorney General, Division of Civil Rights, and waived any claims, waived back pay, and agreed to the "Last Clear Chance" discussed above.

15. During proceedings in this matter prior to the filing of this Second Amended Complaint, counsel for Defendants argued that this offer was Defendants' "interactive process" for accommodations that is required under the LAD, Title VII, and the ADA.

16. Plaintiffs were on unpaid leave based on Defendants' determination that they could not perform the essential functions of their job with <u>any accommodation.</u>

17. As Defendants represented, including Defendant Parisi's clear and unambiguous message to Plaintiffs, Defendants <u>could</u> accommodate each Plaintiff with masking and testing, but only if they all agreed to the same restriction.

18. As Defendants represented, including Defendant Parisi's clear and unambiguous message to Plaintiffs, Defendants <u>could</u> accommodate each Plaintiffs with masking and testing, but only if they all agreed to dismiss their Civil Rights Complaints, thus doubling-down on their discrimination by continuing to retaliate against them for filing Civil Rights Complaints.

19. As Defendants represented, including Defendant Parisi's clear and unambiguous message to Plaintiffs, Defendants <u>could</u> accommodate each Plaintiffs with masking and testing, but only if they all agreed to waive any request for back pay.

4

20. As Defendants represented, including Defendant Parisi's clear and unambiguous message to Plaintiffs, Defendants could accommodate each Plaintiffs with masking and testing, but only if they all agreed to waive Civil Service Protections and face immediate termination if their mask slipped while rushing into a burning building.

21. On March 17, 2022, the original Complaint in this action was served on Defendant West Orange.

22. On March 23, 2022, less than one week later, Defendants realized that their retaliation of keeping Plaintiffs on unpaid leave until they waived their legal rights had failed and suddenly, Plaintiffs could be accommodated with masking and testing.

23. Thus, after discriminating against Plaintiffs and violating the LAD, Title VII, and ADA by refusing to accommodate any of the Plaintiffs unless all of them agreed to the accommodation, Defendants then confirmed what all of New Jersey's other municipalities have known all along—that unvaccinated firefighters and police officers can safely work with testing and masking.

24. This discriminatory treatment was put in place by the CFO for West Orange, Defendant Jon Gross—who also is the CFO for another municipality, Dover, New Jersey. Fire Fighters and Fire Captains in Dover do not need to be vaccinated. Apparently, according to Defendant Gross, COVID operates differently in Dover than it does in West Orange.

25. But Dover is not an outlier. As discussed below, Plaintiffs are in the process of compiling the COVID-19 vaccination policies for similar Fire Departments across the state.

26. Unvaccinated Fire Fighters and Fire Captains in hundreds of departments and municipalities can safely and without undue hardship perform the essential functions of their job without any accommodations, or with accommodations of either masking when interacting with the public, or routine testing.

5

27. Even those municipalities that required the vaccine are rolling back those mandates as the State, and the entire country, return back to pre-COVID normalcy.

28. For example, the City of Newark previously required that all city workers, including Fire Fighters and Fire Captains, receive the COVID-19 vaccine. Newark did so while complying with civil rights laws, granting exemptions, and reaching reasonable accommodations with masking and testing for city employees who seek religious exemptions.

29. On March 3, 2022, the City of Newark rescinded its vaccination requirement for any and all city employees, including Fire Fighters and Fire Captains.

30. The COVID pandemic has placed great strains on all of us. Most people across this great nation and state stood together, but not the administration of West Orange. Defendants Gross, Vecchio, Parisi, and West Orange instead used COVID as a pretext to violate their most basic legal obligations to Plaintiffs.

31. This Complaint says enough is enough and seeks to hold Defendants accountable.

## PARTIES AND VENUE

32. Defendant Township of West Orange ("West Orange") a municipal entity of the State of New Jersey, located in the County of Essex. The address for the administration of the Township is 66 Main Street, West Orange, NJ 07052.

33. Defendant Jonathan Gross ("Defendant Gross") is the Business Administrator/CFO for West Orange.  His principal place of business is 66 Main Street, West Orange, NJ 07052.

34. Defendant Fire Chief Anthony Vecchio ("Defendant Vecchio") is the Fire Chief for the West Orange Fire Department. His principal place of business is 415 Valley Road, West Orange, NJ 07052.

35. Defendant Robert D. Parisi ("Defendant Parisi") is the mayor of West Orange.  His

principal place of business is 66 Main Street, West Orange, NJ 07052.

36. Plaintiff, Frank Balestriere, is a Firefighter who has served the West Orange community for 16 years. During Mr. Balestriere's time with the department, he also served his fellow firefighters as the Vice President of the Union. Mr. Balestriere grew up in West Orange, graduating from West Orange High School in 2002, with accolades in both baseball and football. Mr. Balestriere has been married 11 years and has 3 sons, ages 8 years old, 6 years old and 3 years old.

37. Plaintiff, Joseph DeLuise, is a 38-year-old Fireman. Mr. DeLuise is married with two daughters, Scarlett (5 years old) and Stella (8 years old). Mr. DeLuise is a college graduate from East Stroudsburg University where he graduated with a degree in Health & Physical Education and also played for the football team. Mr. DeLuise also spent several years playing Arena Football professionally after college. Mr. DeLuise has experience in education and has been a Fireman/EMT for over 10 years.

38. Plaintiff, Daniel Keenan, is a 38-year-old Fireman. Mr. Kennan is married with two children, Pearl (4 years old) and Jet (2 years old). Mr. Kennan's dream job has always been to be a Fireman, and he started working towards that dream many years ago. His career started when he became a Corrections Officer at Northern State Prison in Newark, New Jersey. Mr. Keenan worked there for 8 years. He never gave up on my dream of becoming a Fireman, and after many hurdles he got a job with the West Orange Fire Department in 2017. During all those years he also worked a second job as an auto mechanic, one of his true passions. Mr. Keenan and his wife come from a long line of West Orange residents (parents, grandparents, great grandparents, etc.) His dad grew up on Tory Corner; his mother grew up on Birch Street. On July 30, 2019, he was involved in a horrific accident, while on the job, where he watched two of his brothers (Will Holder and his biological brother, Matthew Keenan) get rear ended while in an ambulance by an out-of-control

dump truck on Route 280. He quickly helped remove Mr. Holder from the ambulance while also attending to the other injured persons. Mr. Holder and Mr. Keenan's brother are both out of work permanently due to their sustained injuries from the accident. After that accident, Mr. Keenan was nominated and won two Valor Awards. These awards were presented to Mr. Keenan in 2021 by NJ State FMBA. Mr. Keenan was also awarded a Valor award from the 200 Club of Essex County for the same incident.

39. Plaintiff, Sergio Rivas, is a Fireman and has been employed with the West Orange Fire department for 8 years. Prior to the West Orange Fire Department, Mr. Rivas lived in West Orange for over 20 years at the same residence. Mr. Rivas attended all of West Orange's public schools (K-12) and graduated from West Orange High School. Becoming a Fireman was a life-changing decision for him, as he comes from a long line of truck drivers, and it was the best decision he has ever made. Throughout the years, Mr. Rivas established a great work ethic, which is reflected in his employee evaluation. Mr. Rivas has had two lifesaving awards and was recognized for perfect attendance during the pandemic in the year of 2020. In prior years, Mr. Rivas has taken the promotional exam and plans to continue taking promotional exams in order to excel his career and be an inspirational example for the continuing of public safety. Along with already having multiple certifications, Mr. Rivas has completed EMT training which runs parallel with his Fireman career. In Mr. Rivas's career he has stepped up many times to help the department in the "Acting Captain" position, established great friendships with peers, and always has done his best to help the public. Mr. Rivas and his wife, Elyse Rivas, have just celebrated 20 years together and 10 years being married. Mr. and Mrs. Rivas have two boys James (6 years old) and Michael (3 years old) who adore seeing their dad in uniform and speaking at their school about fire safety. Nothing gives Mr. Rivas and his family more pride than Mr. Rivas being a West Orange Fire Fighter.

40. Plaintiff Joseph Neto has been a resident of West Orange for 28 years. He attended Hazel Ave School, Roosevelt Middle School, and graduated from West Orange High School. While growing up in West Orange, Joseph was in tiger club and a boy scout becoming an Eagle Scout in 2007. Joseph has a wife, Stephanie, a 14-month-old son, and another baby on the way. In 2013 Joseph began his career as a firefighter for West Orange. He has taken on more responsibility throughout his career, most importantly taking on the role of Captain. Joseph has been the recipient of numerous awards, including multiple CPR saves.

41. Plaintiff Carmine Ruta is a Fire Captain employed by West Orange. He has been employed by West Orange since 2006, receiving rewards and recognition from not only the administration but individual citizens of West Orange as a Fire Fighter and also as a Captain. As of September 2021, during his performance evaluation, he received an exceptional rating from his former Deputy Chief. He is a dedicated husband, father, and Fire Captain. He has been married since 2008, both he and his wife were blessed with their sons Jack in 2011 (10) and Matthew in 2013 (8).

42. Fire Captain Ruta rose through the ranks of the West Orange Fire Department to become a Fire Captain. To help support his family, he also started a landscaping business and worked two full-time jobs from 2007 through 2013 when he sold his landscaping business so he could spend more time with his children.

43. Fire Captain Ruta attended a Zoom meeting with West Orange CFO Jon Gross, and other Fire Fighters, in January of 2022. Fire Captain Ruta said the following:

> You don't know me, but I am Carmine Ruta, I have wife, Marybeth, and two boys Jack (10) and Matthew (8) they are the oldest of the 14 children amongst us with the youngest being little Joseph Anthony Neto Jr at 11 months!

> As a parent you try to protect you children at all costs. I have tried to shield my children from what is going on, but it is hard at this age when they see that their father is no longer gone for two days week or constantly on the phone "yelling" (I say I don't yell, that I just speak with passion). The hardest thing that I have trouble with is when we sit down for dinner and my boys ask me why I am not at work

9

when we have friends and family who are not vaccinated, and they continue going to work and on with their lives.

At their age they cannot understand why it's happening, but I try to reassure them that it will all be ok. I teach my kids respect, family values, and to stick up for themselves and for others who can't stick up for themselves. They see their father stop to help our seniors at the grocery store parking lots or pulling over to help a neighbor in need and when I see them stop playing for a minute to grab the garbage man or mailman a cold bottle of water makes me proud, and I know they hear me and understand.

I have been a firefighter for 16 years for the Township where I have many friends, family, and new friends that I have met there who are like family to me. I have fought fires, pumped out basement, worked countless storms, and spent many years working on the ambulance. I have seen more than my share deaths and comforted countless PTs on the way to the hospital.

I worked early on in the beginning of the pandemic when no one knew what was happening. I've had to tell scared PT's and family members to say goodbye to their loved ones because they could not go to the hospital with them. I held their hands all while holding back my own tears knowing firsthand that that may be the last time they would ever see each other. At that time, my mother was in the hospital with Covid for over 18 days not knowing if I would ever be able to give her a kiss on her head again.

I still went to work knowing I could bring something home to my own family: stripping down in my garage, running straight into the shower before I would even look at my family. Then talking to them for a few minutes from across the room. Sleeping downstairs and not giving my wife or kids a kiss goodnight. I lasted close to a year before getting Covid and giving it to my wife and kids...

We all survived, and I thank God for that. I never blamed the poor woman that I helped carry out of her second-floor apartment administrating CPR to the ambulance and all the way to hospital! My heart went out to her and her family. But in the end, I'm not looking for a pat on the back or asking for recognition, or respect from you. I was and able to look in the mirror and know that I did everything I could to help someone in need.

44. In response, Defendant Gross continued to keep Fire Captain Ruta, and all Plaintiffs on unpaid leave.

45. In the weeks that followed that Zoom meeting, West Orange entered into an agreement with the Fire Department of the City of Orange whereby City of Orange Fire Fighters would operate out of the West Orange fire stations.

46. None of the Fire Fighters from the City of Orange were required to receive the COVID-19

vaccine.

47. Pursuant to the Certification from Defendant Gross dated December 22, 2021, he consulted with Defendant Vecchio to evaluate whether West Orange would be able to accommodate Plaintiffs.   As Defendant Gross certified, he and Defendant Vecchio looked at the job responsibilities and duties for Fire Fighters and Fire Captains and determined that no accommodations were possible.

48. Thus, while Defendants Gross, Vecchio, Parisi, and West Orange placed Plaintiffs on unpaid leave under the pretext that none of the Fire Fighters or Fire Captains could perform their duties safely, and without undue burden, these exact same defendants approved a policy that would have allowed the City of Orange Fire Fighters to operate out of the same station house, even though Orange did not require the same vaccinations for its Fire Fighters who would be sharing the same station house.

49. Plaintiff Fire Captain Sean Gaynor is a Navy Veteran, and father that has been serving the West Orange Fire Department for over 24 years. During this time, he has accumulated many awards. He was also badly injured in a fire, which resulted in many surgeries.

50. Fire Captain Gaynor is also a 9/11 first responder. He stayed at Ground Zero on 9/11, 9/12, and 9/13/2001, exposing him to toxic chemicals and substances. Like many of the brave 9/11 responders, Fire Captain Gaynor acquired renal cell carcinoma of the left kidney from his exposure.

51. Fire Captain Gaynor fought hard to be able to stay working on the front lines. He tirelessly devoted himself to the people of West Orange.

52. The discrimination alleged herein concerned employment in Essex County, directed at employees employed in the County of Essex, by actors located in the County of Essex.

53. As such, this Court has jurisdiction over these claims and this matter is properly venued in this Vicinage.

54. On May 27, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00098, *Joseph DeLuise v. West Orange*, a copy of which is attached hereto as **Exhibit A**.

55. On May 27, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00041, *Sean Gaynor v. West Orange*, a copy of which is attached hereto as **Exhibit B**.

56. On May 27, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00124, *Daniel Keenan v. West Orange*, a copy of which is attached hereto as **Exhibit C**.

57. On May 27, 2022, the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue in the matter EEOC Charge 17E-2022-00086, *Carmine Ruta v. West Orange*, a copy of which is attached hereto as **Exhibit D**.

## **FACTUAL HISTORY**

**The Policy**

58. Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

59. On or about September 29th, 2021, Defendant West Orange, through Defendant Gross, issued its COVID-19 Vaccination Policy, which mandated that all its employees be "fully vaccinated or have received the first inoculation towards full vaccination" against COVID-19 by October 15th, 2021 (the "Policy").

60. The Policy provided that an employee could request a reasonable accommodation in lieu

of vaccination due to a disability or a sincerely held religious belief by submitting a request for accommodation form to the Office of the Business Administrator in a sealed envelope by October 15th, 2021.

61. The Policy threatened that any employee who did not comply with it would be required to remain on unpaid leave until compliance and that non-compliance with the policy for more than 6 months would result in progressive discipline, up to and including, termination.

**Requests for Exemption**

62. Plaintiffs Frank Balestriere, Joseph DeLuise, Daniel Keenan, Sean Gaynor, and Joseph Neto submitted requests for exemption from the Policy due to sincerely held religious beliefs precluding them from receiving the COVID-19 vaccine in accordance with Title VII of the Civil Right Act and the NJLAD on or before October 15, 2021.

63. Plaintiffs Carmine Ruta and Sergio Rivas submitted requests for exemption from the Policy due to medical conditions that precluded them from receiving the COVID-19 vaccine in accordance with the Americans with Disabilities Act and the NJLAD on or before October 15, 2021.

**NJLAD Requirements**

64. The State of New Jersey Office of the Attorney General, Department of Law & Public Safety issued the following instructions if your employer requires you to receive the COVID-19 vaccine as a condition of employment and receiving the vaccine would violate your sincerely held religious beliefs[1]:

    a.  If a sincerely held religious belief, practice, or observance precludes you from getting a COVID-19 vaccine, your employer must provide you with a reasonable accommodation from their mandatory vaccine policy that would enable you to do your job, unless doing so would impose an undue burden on their operations. Safety—your safety as well as the safety of your coworkers, clients, and

---

[1] https://www.njoag.gov/about/divisions-and-offices/division-on-civil-rights-home/covid-19-faqs/

customers—is a factor in evaluating whether a potential accommodation would be reasonable. An employer must base its decisions regarding any potential safety hazard on objective, scientific evidence, including evidence reflected in policies and guidance from federal, state, and local authorities (including the CDC), and not on unfounded assumptions or stereotypes.

b. An employer generally may not question the sincerity of an employee's religious beliefs, practices, or observance, unless the employer has an objective basis for questioning either the religious nature or the sincerity of a particular belief, practice, or observance. In that case, the employer may make a limited inquiry into the facts and circumstances supporting the employee's request.

c. Thus, if you cannot receive a COVID-19 vaccine because of sincerely held religious belief, practice, or observance, and the risk of COVID-19 transmission can be mitigated by your employer granting you a reasonable accommodation, your employer must do so unless it would be an undue burden on its operations. A reasonable accommodation may include allowing you to work remotely, requiring you to undergo regular testing for COVID-19 rather than receive a vaccine, reassigning you to another equivalent position (not a demotion), or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure. An employer may choose which accommodation to offer to an employee if there is more than one reasonable accommodation available.

d. In determining whether providing an accommodation may impose an undue burden, an employer may consider the number of employees who need the particular accommodation, the cost of providing the accommodation, and any related loss of productivity. An accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position. In addition, an employer may reconsider a religious accommodation to an employee if the accommodation is no longer used for religious purposes or if it subsequently poses an undue hardship on the employer's operations.

e. Under the NJLAD, if there is no reasonable accommodation that your employer can provide that would mitigate the risk of COVID-19 transmission to its employees and customers, then your employer can enforce its policy of excluding unvaccinated employees from the physical workplace, even if you are unvaccinated because of a sincerely held religious belief. However, that does not mean that your employer can automatically terminate you if you cannot get vaccinated, as the employer may be precluded from doing so by other laws, regulations, or policies.

65. The State of New Jersey Office of the Attorney General, Department of Law & Public

Safety also issued the following instructions if your employer requires you to receive the COVID-

14

19 vaccine as a condition of employment and you have a disability that precludes you from

receiving the vaccine[2]:

 a. If you have a disability that precludes you from getting a COVID-19 vaccine, your employer must provide you with a reasonable accommodation from their mandatory vaccine policy unless doing so would impose an undue burden on their operations. Safety—your safety as well as the safety of your coworkers, clients, and customers—is a factor in evaluating whether a potential accommodation would be reasonable. An employer must base its decisions regarding any potential safety hazard on objective, scientific evidence, including evidence reflected in policies and guidance from federal, state, and local authorities (including the CDC), and not on unfounded assumptions or stereotypes.

 b. Employers generally may request medical documentation to confirm a disability when an employee requests a reasonable accommodation. Employers must ensure that all information about an employee's disability is kept confidential and must maintain all information about employee illness as a confidential medical record.

 c. If you cannot receive a COVID-19 vaccine because of a disability, and the risk of COVID-19 transmission can be mitigated by your employer granting you a reasonable accommodation, your employer must do so unless it would be an undue burden on its operations. A reasonable accommodation may include allowing you to continue to work remotely, or otherwise to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure. Your employer should engage in a flexible, interactive process with you to determine if an appropriate accommodation exists and must conduct an individualized assessment based on your specific job duties and limitations in assessing whether to provide a particular accommodation.

 d. Under the NJLAD, if there is no reasonable accommodation that your employer can provide that would mitigate the risk of COVID-19 transmission to its employees and customers, then your employer can enforce its policy of excluding unvaccinated employees from the physical workplace, even if you are unvaccinated because of a disability. However, that does not mean that your employer can automatically terminate you if you cannot get vaccinated, as the employer may be precluded from doing so by other laws, regulations, or policies.

**West Orange Response**

66. West Orange responded to all of the Plaintiffs on October 21, 2021. By way of example,

---

[2] https://www.njoag.gov/about/divisions-and-offices/division-on-civil-rights-home/covid-19-faqs/

West Orange stated to Plaintiff Balestriere:

Although the Township is not challenging your sincerely held religious beliefs, it cannot grant your request to be exempt from the Townships mandatory vaccine requirement and allow you to merely to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township in addition to the protections provided by the anti-bodies from the COVID-19 infection you had on 11/15/20. As a Firefighter, you are required to enter into Township residences and businesses to perform the duties indicated on the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 virus.

67. In accordance with the NJLAD guidance set forth above, West Orange was required to engage in an interactive process with the employee to determine if a reasonable accommodation could be granted without causing undue hardship.

68. This interactive process was to be considered on an "individual, case-by-case basis."

69. Plaintiffs filed their requests for religious accommodation in a timely manner on or before October 15th in accordance with the policy's request.

70. On October 22, 2021, Defendants denied all Plaintiffs' exemption requests, using substantively identical letters, stating public safety risks.

71. On October 22, 2021 Defendants denied Plaintiff Carmine Ruta's request, stating:

The Township is in receipt of your reasonable accommodation form, dated October 14, 2021, which indicates that you are unwilling to get vaccinated due to your disability exemption request and request based upon the fact that you have been advised by your physician that you should not get vaccinated due to your heart condition and that you are seeking to continue working while using a mask and abiding by social distancing guidelines.

Although the Township is not challenging your disability exemption request, it cannot grant your request to be exempt from the Townships mandatory vaccine requirement and

16

allow you to merely based upon the fact that you have been advised by your physician that you should not get vaccinated due to your heart condition and that you are seeking to continue working while using a mask and abiding by social distancing guidelines. As a Fire Captain, you are required to enter into Township residences and businesses to perform the duties indicated oh the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 virus.

72. On October 22, 2021, Defendants denied Plaintiff Rivas's request:

The Township is in receipt of your reasonable accommodation form, dated October 15, 2021, which indicates that you are unwilling to get vaccinated due to your disability exemption request and request based upon your receipt of a monoclonal anti-body treatment on July 25, 2021.

Although the Township is not challenging your disability exemption request, it cannot grant your request to be exempt from the Townships mandatory vaccine requirement and allow you to merely based upon your receipt of a monoclonal anti-body treatment on July 25, 2021. As a Firefighter, you are required to enter into Township residences and businesses to perform the duties indicated on the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being ,unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 virus.

73. On October 28, 2021, Defendants denied Plaintiff Gaynor's request:

The Township is in receipt of your reasonable accommodation form, dated October 15, 2021, which indicates that you are unwilling to get vaccinated due to your sincerely held religious beliefs and request to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township.

Although the Township is not challenging your sincerely held religious beliefs, it cannot

grant your request to be exempt from the Townships mandatory vaccine requirement and allow you to merely to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township. As a Fire Captain, you are required to enter into Township residences and businesses to perform the duties indicated on the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 virus.

74. On October 22, 2021, Defendants denied Plaintiffs Neto, Keenan, and Balestriere's requests:

The Township is in receipt of your reasonable accommodation form, dated October 15, 2021, which indicates that you are unwilling to get vaccinated due to your sincerely held religious beliefs and request to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township.

Although the Township is not challenging your sincerely held religious beliefs, it cannot grant your request to be exempt from the Townships mandatory vaccine requirement and allow you to merely to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township. As a Firefighter, you are required to enter into Township residences and businesses to perform the duties indicated on the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is ,unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 vims.

75. On October 22, 2021, Defendant denied Plaintiff DeLuise's request:

The Township is in receipt of your reasonable accommodation form, dated October 15, 2021, which indicates that you are unwilling to get vaccinated due to your sincerely held religious beliefs and request to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township in addition to the protections provided by the anti-bodies from the COVID-19 infection you had on 11/15/20.

Although the Township is not challenging your sincerely held religious beliefs, it cannot grant your request to be exempt from the Townships mandatory vaccine requirement and allow you to merely to use a mask, regular PCR testing and other reasonable accommodations imposed by the Township in addition to the protections provided by the anti-bodies from the COVID-19 infection you had on 11/15/20. As a Firefighter, you are required to enter into Township residences and businesses to perform the duties indicated on the attached New Jersey Civil Service Commission job description. In performing these duties, you are required to come into close contact and interact with members of the public including, but not limited to, vulnerable citizens such as seniors, individuals with disabilities, children and the sick who can more readily contract COVID-19 (Delta variant) since it is a highly contagious airborne disease. As such your continued performance of your duties while being unvaccinated creates a public safety risk and health hazard to the residents and businesses of the Township, not to mention other Township employees.

Thus, the Township is unable to grant your request to continue performing your duties without being vaccinated against the COVID-19 virus.

## Refusal to Accommodate

76. In accordance with the above, the NJLAD, Title VII, and the ADA required West Orange to engage in an individual interactive process to determine if an accommodation could be made for Plaintiffs' medical disabilities and religious beliefs.

77. Defendants never engaged with Plaintiffs in the interactive process to determine if a reasonable accommodation could be granted without causing an undue hardship to the Township or pose a direct threat to the health and safety of others.

78. While West Orange refused to make any accommodations for the religious beliefs of its employees as required by law, this flagrant discrimination was rejected across the state by other municipalities who complied with their legal obligations.

79. For example, the Town CFO/Business Administrator for West Orange is Defendant Gross. Defendant Gross is the person who, on behalf of West Orange, signed the letters denying accommodations for all of the Plaintiffs.

80. However, Defendant Gross is also the CFO/Municipal Treasurer for the Town of Dover in Morris County.

81. Simultaneously while Defendant Gross was placing all Plaintiffs on unpaid leave, after accepting their religious exemption requests, and determining, along with Defendant Vecchio, that West Orange could not accommodate any Fire Department members who were unvaccinated, as part of Defendant Gross's other municipal CFO job, Dover implemented this COVID-19 vaccination policy, "All non-vaccinated employees are required to wear masks at all times, whenever they have contact with the public both in and out of the municipal buildings."

82. Thus, in Dover, where Defendant Gross is also the CFO, Fire Fighters are not required to receive the COVID-19 vaccine.

83. Further, in Dover, where Defendant Gross is also the CFO, Fire Fighters who are unvaccinated are able to perform their job duties fully and completely, without undue hardship and without danger to the community by wearing masks while interacting with members of the public.

84. Defendants Gross and Vecchio knew that Defendant Gross had determined that Fire Fighters in Dover were able to perform their job duties fully and completely, without undue hardship and without danger to the community by wearing masks while interacting with members of the public.

85. Defendant Gross and Defendant Vecchio thus conducted a sham, pretextual, and knowingly discriminatory review of the job duties for Plaintiffs and discriminated against Plaintiffs by determining that Plaintiffs could not be accommodated.

86. This discriminatory failure to accommodate Plaintiffs, and the pretextual nature of the evaluation done by Defendants Gross and Vecchio, is established not only by the exact opposite determination Defendant Gross made for Dover, but by the decisions made statewide by other similarly situated Fire Departments.

**Accommodations in place across the state**

87. While Defendants refused to make any accommodations for the religious beliefs of its employees as required by law—even though it made the exact accommodations requested here for other first responders, this flagrant discrimination was rejected across the state by other municipalities who complied with their legal obligations.

**County of Essex**

88. The Township of Bloomfield, in the County of Essex, has implemented a COVID-19 vaccination policy for Fire Fighters. The Policy states that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. An unvaccinated Fire Fighter in the Township of Bloomfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

89. The Borough of Belleville, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Belleville is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

90. The Borough of Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

91. The Borough of Essex Fells, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Essex Fells is able to perform their job duties fully

and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

92. The city of Newark, in the County of Essex, originally implemented a COVID-19 vaccination policy for all city employees. The Policy states that unvaccinated employees need to be tested weekly using PCR tests. The requirement has since been vacated. Fire Fighters in Newark were able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation. Now, unvaccinated Fire Fighters in Newark are not required to test.

93. The Township of Milburn, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Milburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

94. The Township of Cedar Grove, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Cedar Grove is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

95. The City of East Orange, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in East Orange is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

96. The Township of Fairfield, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being

vaccinated, masked, or tested.

97. The Borough of Glen Ridge, in the County of Essex, requires its Fire Fighters to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter in Glen Ridge is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

98. The Township of Irvington, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Irvington is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

99. The Township of Livingston, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Livingston is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

100.     The Township of Millburn, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Millburn is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

101.     The Township of Montclair, in the County of Essex, requires its Fire Fighters to either be vaccinated or tested for COVID weekly. An unvaccinated Fire Fighter in Montclair is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, if they are tested.

102.     The Borough of North Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in North Caldwell is able to perform their

job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

103.       The Township of Nutley, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Nutley is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

104.       The City of Orange, in the County of Essex, previously implemented a COVID-19 vaccination policy for Fire Fighters. The Policy stated that all employees are required to receive the vaccine, or, if they are granted a medical or religious exemption, the Policy provides that they are required, as an accommodation, to be tested weekly for COVID-19. The policy has since been revoked.  An unvaccinated Fire Fighter in the City of Orange was able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation, and is now able to continue doing their job without any accommodations.

105.       The Borough of Roseland, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Roseland is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

106.       The Village of South Orange, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in South Orange is required to test weekly for COVID-19. An unvaccinated Fire Fighter in the Village of South Orange is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

107.     The Township of Verona, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Verona is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

108.     The Township of West Caldwell, in the County of Essex, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in West Caldwell is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated, masked, or tested.

### Hudson County

109.     The City of Bayonne, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Bayonne is able to perform their job duties fully and completely, without undue hardship and without danger to the community, without being vaccinated or tested. All employees, whether vaccinated or unvaccinated, are required to wear a N95 or KN95 when working indoors or when interacting with members of the general public.

110.     The Town of Guttenberg, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Guttenberg is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Guttenberg is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

111.     The Town of Harrison, in the County of Hudson, does not require its Fire Fighters to be vaccinated. All vaccinated or unvaccinated Fire Fighter in Harrison is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

112.     The City of Hoboken, in the County of Hudson, does not require its Fire Fighters

to be vaccinated. An unvaccinated Fire Fighter in Hoboken is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Hoboken is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

113.    The City of Jersey City, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Jersey City is able to perform their job duties fully and completely, without undue hardship and without danger to the community, while wearing a mask at their worksite.  All employees, regardless of vaccine status, are tested weekly for Covid.

114.    The Town of Kearny, in the County of Hudson, does not require its Fire Fighters to be vaccinated. All employees, regardless of vaccine status, are subject to regular Covid testing. An unvaccinated Fire Fighter in Kearny is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

115.    The Township of North Bergen, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter is required to test weekly for Covid.  An unvaccinated Fire Fighter in North Bergen is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with the accommodation of testing.

116.    The Town of Secaucus, in the County of Hudson, does not require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Secaucus is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

117.    The town of West New York, in the County of Hudson, required their Police officers to be vaccinated but allowed exemptions. An unvaccinated Fire Fighter in West New York is able to perform their job duties fully and completely, without undue hardship and without danger to the community.

118.     The town of Union City, in the County of Hudson, requires Fire Fighters to be vaccinated for COVID-19. An unvaccinated Fire Fighter in Union City is required to test weekly for COVID-19. An unvaccinated Fire Fighter in Hudson is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

119.     The town of Harrison, in the County of Hudson, does not require Police and Fire Fighters to be vaccinated for COVID-19. An unvaccinated Fire Fighter in Harrison is able to do their job duties fully and completely, without undue hardship and without danger to the community.

**Bergen County**

120.     The Borough of Allendale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Allendale are able to perform their job duties fully and completely, without undue hardship and without danger to the community.

121.     The Borough of Alpine, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Alpine are able to perform their duties fully and completely, without undue hardship and without danger to the community.

122.     The Borough of Bergenfield, in the County of Bergen, requires its Fire Fighters to either be vaccinated or tested for COVID a minimum of one time a week. An unvaccinated Fire Fighter in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

123.     The Borough of Bogota, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Bogota are able to perform their duties fully and completely without undue hardship and without danger to the community.

27

124.     The Borough of Carlstadt, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Carlstadt are able to perform their duties fully and completely without undue hardship and without danger to the community.

125.     The Borough of Cliffside Park, in the County of Bergen, requires its Fire Fighters and Police Officers to be vaccinated for COVID-19 or to be tested weekly for Covid. An unvaccinated Fire Fighter in Cliffside Park is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

126.     The Borough of Closter, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Closter are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

127.     The Borough of Cresskill, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Cresskill are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

128.     The Borough of Demarest, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Demarest are able to perform their duties fully and completely, without undue hardship and without danger to the community.

129.     The Borough of Dumont, in the County of Bergen, previously requires its Fire Fighters to either be vaccinated or wear a face mask when social distancing is not possible, but since implemented the mask requirement for all Fire Fighters.  An unvaccinated Fire Fighter in Dumont is able to perform their job duties fully and completely, without undue hardship and

without danger to the community.

130.     The Borough of East Rutherford, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in East Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

131.     The Borough of Edgewater, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Edgewater are able to perform their duties fully and completely, without undue hardship and without danger to the community.

132.     The Borough of Elmwood Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Elmwood Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

133.     The Borough of Emerson, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Emerson are able to perform their duties fully and completely, without undue hardship and without danger to the community.

134.     The City of Englewood, in the County of Bergen, requires Fire Fighters to receive the Covid vaccine and boosters.  Unvaccinated Fire Fighters can seek a medical or religious exemption, and if granted, the unvaccinated Fire Fighter will be tested weekly for Covid.  An unvaccinated Fire Fighter in Englewood is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly COVID-19 testing as an accommodation.

135.     The Borough of Englewood Cliffs, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Englewood Cliffs are able to perform their duties fully and completely, without undue hardship and without danger to the community.

136.     The Borough of Fair Lawn, in the County of Bergen, does not require its Fire

Fighters to be vaccinated. Unvaccinated Fire Fighters in Fair Lawn are able to perform their duties fully and completely, without undue hardship and without danger to the community.

137.     The Borough of Fairview, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Fairview are able to perform their duties fully and completely, without undue hardship and without danger to the community.

138.     The Borough of Fort Lee, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Fort Lee are able to perform their duties fully and completely, without undue hardship and without danger to the community.

139.     The Borough of Franklin Lakes, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Franklin Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

140.     The Borough of Garfield, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Garfield are able to perform their duties fully and completely, without undue hardship and without danger to the community.

141.     The Borough of Glen Rock, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Glen Rock are able to perform their duties fully and completely without undue hardship and without danger to the community.

142.     The City of Hackensack, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

143.     The Borough of Harrington Park, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Harrington Park are able to perform their duties fully and completely without undue hardship and without danger to the community.

144.     The Borough of Hasbrouck Heights, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hasbrouck Heights are able to perform their duties fully and completely, without undue hardship and without danger to the community.

145.     The Borough of Haworth, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Haworth are able to perform their duties fully and completely, without undue hardship and without danger to the community.

146.     The Township of Ho-Ho-Kus, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ho-Ho-Kus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

147.     The Borough of Leonia, in the County of Bergen, requires its Fire Fighters to either be vaccinated or seek an exemption for medical or religious reasons.  A Fire Fighter granted an exemption must be tested for COVID weekly. An unvaccinated Fire Fighter in Bergenfield is able to perform their job duties fully and completely, without undue hardship and without danger to the community, with weekly testing as an accommodation.

148.     The Borough of Little Ferry, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Little Ferry are able to perform their duties fully and completely, without undue hardship and without danger to the community.

149.     The Borough of Lodi, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Lodi are able to perform their duties fully and completely, without undue hardship and without danger to the community.

150.     The Township of Lyndhurst, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Lyndhurst are able to perform their duties

fully and completely without undue hardship and without danger to the community.

151.      The Township of Mahwah, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Mahwah are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

152.      The Borough of Maywood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Maywood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

153.      The Borough of Midland Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Midland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

154.      The Borough of Montvale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Montvale are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

155.      The Borough of Moonachie, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Moonachie are able to perform their duties fully and completely, without undue hardship and without danger to the community.

156.      The Borough of New Milford, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in New Milford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

157.      The Borough of North Arlington, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Arlington are able to perform their

duties fully and completely without undue hardship and without danger to the community.

158.     The Borough of Northvale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Northvale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

159.     The Borough of Norwood in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Norwood are able to perform their duties fully and completely without undue hardship and without danger to the community.

160.     The Borough of Oakland, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Oakland are able to perform their duties fully and completely, without undue hardship and without danger to the community.

161.     The Borough of Old Tappan, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Paramus are able to perform their duties fully and completely, without undue hardship and without danger to the community.

162.     The Borough of Oradell, in the county of Bergen, did not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Oradell are able to perform their duties fully and completely without undue hardship and without danger to the community while wearing a mask when interacting with the public.

163.     The Borough of Palisades Park, in the County of Bergen, does require its Fire Fighters to be vaccinated. An unvaccinated Fire Fighter in Palisades Park who "elects not to be vaccinated for medical, religious, or personal reasons" is able to perform their duties fully and completely, without undue hardship, taking a rapid test twice a week as an accommodation.

164.     The Borough of Paramus, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Paramus are able to perform their duties fully and

completely, without undue hardship and without danger to the community.

165.     The Borough of Park Ridge, in the County of Bergen, does not require Fire Fighters to be vaccinated, but requires unvaccinated Fire Fighters to wear masks in Borough buildings. Unvaccinated Fire Fighters in Park Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community, with masking as an accommodation.

166.     The Borough of Ramsey, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ramsey are able to perform their duties fully and completely, without undue hardship and without danger to the community.

167.     The Village of Ridgefield Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ridgefield Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

168.     The Village of Ridgewood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ridgewood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

169.     The Township of River Vale, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in River Vale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

170.     The Township of Rochelle Park, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rochelle Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

171.     The Borough of Rockleigh, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rockleigh are able to perform their duties fully and completely, without undue hardship and without danger to the community.

172.     The Borough of Rutherford, in the County of Bergen, does not require but encourages its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Rutherford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

173.     The Township of Saddle Brook, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in Saddle Brook are able to perform their duties fully and completely, without undue hardship and without danger to the community.

174.     The Borough of Saddle River, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

175.     The Borough of South Hackensack, in the County of Bergen, does not require its Fire Fighters to be vaccinated allowing exemptions. Unvaccinated Fire Fighters in South Hackensack are able to perform their duties fully and completely, without undue hardship and without danger to the community.

176.     The Township of Teaneck, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Teaneck are able to perform their duties fully and completely, without undue hardship and without danger to community. At one point Teaneck required weekly testing for unvaccinated Fire Fighters, but since lifted this requirement. Masking is encouraged for vaccinated and unvaccinated Fire Fighters, but is not mandatory.

177.     The Borough of Tenafly, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Tenafly are able to perform their duties fully and

completely, without undue hardship and without danger to the community.

178.      The Borough of Teterboro, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Teterboro are able to perform their duties fully and completely, without undue hardship and without danger to the community.

179.      The Borough of Upper Saddle River, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Upper Saddle River are able to perform their duties fully and completely, without undue hardship and without danger to the community.

180.      The Borough of Waldwick, in the County of Bergen, does not require its Fire Fighters and Police Officers to be vaccinated. Unvaccinated Fire Fighters in Waldwick are able to perform their duties fully and completely, without undue hardship and without danger to the community.

181.      The Borough of Wallington, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wallington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

182.      The Township of Washington, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Washington are able to perform their duties fully and completely, without undue hardship and without danger to the community.

183.      The Borough of Westwood, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Westwood are able to perform their duties fully and completely, without undue hardship and without danger to the community.

184.      The Borough of Woodcliff Lake, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Woodcliff Lake are able to perform their

duties fully and completely, without undue hardship and without danger to the community, utilizing masks and social distancing.

185.     The Borough of Wood-Ridge, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wood Ridge are able to perform their duties fully and completely, without undue hardship and without danger to the community.

186.     The Township of Wyckoff, in the County of Bergen, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wyckoff are able to perform their duties fully and completely, without undue hardship and without danger to the community, while wearing a mask when interacting with the public.

### Passaic County

187.     The Borough of Bloomingdale, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Bloomingdale are able to perform their duties fully and completely, without undue hardship and without danger to the community.

188.     The City of Clifton, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Clifton are able to perform their duties fully and completely, without undue hardship and without danger to the community.

189.     The Borough of Haledon, in the County of Passaic, does require its Fire Fighters to be vaccinated for COVID-19. Unvaccinated Fire Fighters in Haledon are required to test weekly. With accommodation, unvaccinated Fire Fighters in Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

190.     The Borough of Hawthorne, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Hawthorne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

191.     The Township of Little Falls, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Little Falls are able to perform their duties fully and completely, without undue hardship and without danger to the community.

192.     The Borough of North Haledon, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Haledon are able to perform their duties fully and completely, without undue hardship and without danger to the community.

193.     The City of Passaic, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

194.     The City of Paterson, in the County of Passaic, does require its Fire Fighters to be vaccinated for COVID-19 or to test weekly and wear a mask.  With accommodation, unvaccinated Fire Fighters in Passaic are able to perform their duties fully and completely, without undue hardship and without danger to the community.

195.     The Borough of Pompton Lakes, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Pompton Lakes are able to perform their duties fully and completely, without undue hardship and without danger to the community.

196.     The Borough of Prospect Park, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Prospect Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

197.     The Borough of Ringwood, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Ringwood are able to perform their duties fully and completely, without undue hardship and without danger to the community wearing a mask while working.

198.     The Borough of Totowa, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in North Totowa are able to perform their duties fully and completely, without undue hardship and without danger to the community.

199.     The Borough of Wanaque, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Wanaque are able to perform their duties fully and completely, without undue hardship and without danger to the community.

200.     The Township of Wayne, in the County of Passaic, does require its Fire Fighters and Police Officers to be vaccinated for COVID-19. Unvaccinated Fire Fighters in Wayne are able to perform their duties fully and completely, without undue hardship and without danger to the community.

201.     The Township of West Milford, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in West Milford are able to perform their duties fully and completely, without undue hardship and without danger to the community.

202.     The Borough of Woodland Park, in the County of Passaic, does not require its Fire Fighters to be vaccinated. Unvaccinated Fire Fighters in Woodland Park are able to perform their duties fully and completely, without undue hardship and without danger to the community.

## COUNT I:

## VIOLATION OF NJLAD: RELIGIOUS AND DISABILITY DISCRIMINATION

203.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

204.     The NJLAD prescribed requirements that Defendants were required to follow upon receipt of a request for religious or medical exemption from the COVID-19 vaccination policy.

205.     The NJLAD prohibits an employer, such as West Orange, from retaliating against

39

an employee who asserts their protected rights under the NJLAD.

206.      The NJLAD protects the rights of persons with sincerely held religious beliefs and who suffer from disabilities.

207.      The NJLAD prohibits Defendants from retaliating against an employee who seeks a religious or medical exemption from the COVID-19 vaccination policy.

208.      Upon receipt of the requests for religious and medical exemptions from Plaintiffs, Defendants Gross, Vecchio, and West Orange placed Plaintiffs on unpaid leave of absence, subjecting them to adverse job actions based on their requests for exemption and accommodation.

209.      By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of the NJLAD.

210.      As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Attorneys' fees and costs of suit; and

    d.  Such other relief as the Court may deem proper and just.

## COUNT II:

### VIOLATION OF NJLAD: FAILURE TO ACCOMMODATE

211.      Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

212.      The NJLAD provides that West Orange <u>must</u> provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

213.     The NJLAD requires West Orange to make a *bona fide* effort to reach an accommodation for employees who seek exemption.

214.     Defendants Gross, Vecchio, Parisi, and West Orange did not make a *bona fide* effort to reach an accommodation for Plaintiffs.

215.     The NJLAD provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

216.     The NJLAD provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

217.     Plaintiffs are able to perform the essential functions of their jobs without an undue hardship to West Orange.

218.     Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

219.     The essential functions of a Fire Fighter or Fire Captain in West Orange are substantially similar to those of a Fire Fighter or Fire Captain in the municipalities set forth above in paragraphs 87-202.

220.     Unvaccinated Fire Fighters and Fire Captains can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 87-202.

41

221.     By refusing to provide accommodations, Defendants Gross, Vecchio, and West Orange violated the NJLAD.

222.     As a result, Plaintiffs were damaged.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

a)  Compensatory damages;

b)  Punitive damages;

c)  Attorneys' fees and costs of suit; and

d)  Such other relief as the Court may deem proper and just.

## COUNT III:

## VIOLATION OF TITLE VII: RELIGIOUS DISCRIMINATION

223.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

224.     Title VII prescribed requirements that Defendants were required to follow upon receipt of a request for religious exemption from the COVID-19 vaccination policy.

225.     Title VII prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the LAD.

226.     Title VII protects the rights of persons with sincerely held religious beliefs.

227.     Title VII prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

228.     Upon receipt of the requests for religious exemption from Plaintiffs, Defendants placed them on unpaid leave of absence, and then terminated them.

229.     By placing Plaintiffs on unpaid leave of absence, Defendants retaliated against them in violation of Title VII.

230.    As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

a.    Compensatory damages;

b.    Punitive damages;

c.    Attorneys' fees and costs of suit; and

d.    Such other relief as the Court may deem proper and just.

## COUNT IV

### VIOLATION OF TITLE VII: FAILURE TO ACCOMMODATE

231.    Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

232.    Title VII provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

233.    Title VII requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

234.    Defendants did not make a bona fide effort to reach an accommodation for Plaintiffs.

235.    Title VII provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

236.    Title VII provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm

to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

237.     Plaintiffs are able to perform the essential functions of their job without an undue hardship to Defendants.

238.     Plaintiffs are able to perform the essential functions of their job without placing the public in the threat of harm.

239.     The essential functions of a Fire Fighter or Fire Captain in West Orange are substantially similar to those of a Fire Fighter in the municipalities set forth above in paragraphs 87-202.

240.     Unvaccinated Fire Fighters or Fire Captains in West Orange can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 87-202

241.     By refusing to provide accommodations, Defendants violated Title VII.

242.     As a result, Plaintiffs were damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   Attorneys' fees and costs of suit; and

    d.   Such other relief as the Court may deem proper and just.

## COUNT V:

## VIOLATION OF ADA: DISABILITY DISCRIMINATION

243.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if

fully set forth herein.

244.     The ADA prescribed requirements that Defendants were required to follow upon receipt of a request for a medical exemption from the COVID-19 vaccination policy.

245.     The ADA prohibits an employer, such as Defendants, from retaliating against an employee who asserts their protected rights under the ADA.

246.     The ADA protects the rights of persons who have a disability as defined in the ADA.

247.     Plaintiff Carmine Ruta suffers from a disability as defined in the ADA.

248.     Plaintiff Carmine Ruta submitted medical support of his qualification for protection under the ADA.

249.     Defendant West Orange accepted this medical support, and along with Defendant Gross, stated that they were not challenging his qualification under the ADA.

250.     The ADA prohibits Defendants from retaliating against an employee who seeks a religious exemption from the COVID-19 vaccination policy.

251.     Upon receipt of the requests for medical exemption from Plaintiff Carmine Ruta, Defendants placed him on unpaid leave of absence.

252.     By placing Plaintiff Ruta on unpaid leave of absence, Defendants retaliated against him in violation of the ADA.

253.     As a result, Plaintiff Ruta was damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

    e.     Compensatory damages;

    f.     Punitive damages;

    g.     Attorneys' fees and costs of suit; and

h.      Such other relief as the Court may deem proper and just.

## COUNT VI

## VIOLATION OF ADA: FAILURE TO ACCOMMODATE

254.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

255.     The ADA provides that Defendants must provide an employee with a reasonable accommodation from their mandatory vaccine policy that would enable them to do their job, unless doing so would impose an undue burden on their operations.

256.     The ADA requires Defendants to make a bona fide effort to reach an accommodation for employees who seek exemption.

257.     Defendants did not make a bona fide effort to reach an accommodation for Plaintiff Carmine Ruta.

258.     The ADA provides that an accommodation will be considered to constitute an undue hardship if it would result in the inability of an employee to perform the essential functions of their position.

259.     The ADA provides that reasonable accommodations for exemptions from the COVID-19 vaccine could include requiring the employee to undergo regular testing for COVID-19, or otherwise allowing you to work in a manner that would reduce or eliminate the risk of harm to other employees or to the public. A reasonable accommodation may also include providing you with personal protective equipment that sufficiently mitigates your risk of COVID-19 transmission and exposure.

260.     Plaintiff Ruta is able to perform the essential functions of his job without an undue hardship to Defendants.

261.     Plaintiff Ruta is able to perform the essential functions of his job without placing the public in the threat of harm.

262.     The essential functions of a Fire Captain in West Orange are substantially similar to those of a Fire Captain in the municipalities set forth above in paragraphs 87-202.

263.     Unvaccinated Fire Captains in West Orange can perform the essential functions of their job duties with reasonable accommodations in the municipalities set forth above in paragraphs 87-202.

264.     By refusing to provide accommodations, Defendants violated the ADA.

265.     As a result, Plaintiff Ruta was damaged.

**WHEREFORE**: Plaintiffs demand entry of a judgment awarding:

 a.  Compensatory damages;

 b.  Punitive damages;

 c.  Attorneys' fees and costs of suit; and

 d.  Such other relief as the Court may deem proper and just.

### COUNT VII:

### DECLARATORY JUDGMENT

266.     Plaintiffs repeat and reallege the allegations contained in the prior sections as if fully set forth herein.

267.     LAD, the ADA, and Title VII provide for injunctive relief to prevent future violations.

268.     Plaintiffs are legally entitled to a declaratory judgment that Defendants violated the LAD, the ADA, and Title VII and that an injunction should be issued requiring Defendants to

comply with the LAD, the ADA, and Title VII regarding religious exemptions and accommodations to prevent further harm.

**WHEREFORE:** Plaintiffs demand entry of a judgment awarding:

a) Injunctive relief as set forth herein;

b) Attorneys' fees and costs of suit; and

c) Such other relief as the Court may deem proper and just.

**Dated: August 26, 2022**                                  **Attorneys for Plaintiffs**

                                                            By:____*s/ John D. Coyle*

                                                            **COYLE LAW GROUP LLP**
                                                            John D. Coyle, Esq. (0296362001)
                                                            Donald A. Soutar, Esq. (024521999)
                                                            55 Madison Avenue, Suite 400
                                                            Morristown, NJ 07960
                                                            Tel. (973) 370-0592
                                                            jcoyle@coylelawgroup.com

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, Plaintiffs serve the following requests for the production of documents with this Complaint. Responses are due within the time calculated in Rule 4:18-1(b)(2), 50 days after service of the summons and complaint:

1   Produce a copy of all documents (whether existing in paper, electronically, e-mail, text, or in any other form) in your possession regarding the West Orange COVID-19 vaccination policy currently in effect, and any prior iterations of same.

2   Produce a copy of all documents relating in any way to the interactive accommodation process when evaluating Plaintiffs' requests for exemptions.

3   Produce a copy of all documents reviewed by Defendant Vecchio and/or Defendant Gross regarding Plaintiffs' requests for accommodations.

4   Produce a copy of all documents relating in any way to any determination whether Plaintiffs could perform the functions of their job with accommodations for them not receiving the COVID-19 vaccine.

5   Produce a copy of all documents identified in your answers to interrogatories.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1, Plaintiffs serve the following requests for answers to interrogatories with this Complaint. Responses are due within the time calculated in Rule 4:17-4(b), 60 days after service of the summons and complaint:

1   Identify all persons involved in the development of the current or any prior iteration of the COVID-19 vaccination policy for West Orange.

2   For each person identified in response to Interrogatory 1, set forth: a) their job title; b) the dates their involvement; c) their responsibilities with respect to the development of the Policy(ies).

3   Identify all persons who participated in the interactive accommodations process for Plaintiffs;

4   For each person identified in response to Interrogatory 3, set forth: a) their job title; b) the dates their involvement; c) their responsibilities with respect to the interactive process.

5   Identify all documents, including any drafts or electronic documents, relating in any way to the development of the COVID-19 policies from Document Request 1.

49

6   Identify all documents, including any drafts or electronic documents, relating in any way to the interactive accommodations process as described in Interrogatories 3 and 4.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, John D. Coyle is hereby designated trial counsel.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issues so triable.

## RULE 4:5-1 CERTIFICATION

I hereby certify that the claims raised herein are not the subject of any other action or arbitration. However, the claims raised in the matter of *Jamiese Morris et al. v. Township of West Orange,* ESX-L-1483-22 are substantially similar inasmuch as they relate to exemption requests submitted from the same West Orange COVID-19 vaccination policy and West Orange's denials of same in violation of the New Jersey Law Against Discrimination. Other than Plaintiffs in the *Morris* matter, there is at least one other Fire Fighter from West Orange who has been denied an exemption and West Orange has placed on unpaid leave in the same manner of Plaintiffs here. Should such Fire Fighter(s) wish to bring claims under the Law Against Discrimination, they could be brought in this action.

Plaintiffs are not aware of any other party who should be joined to this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## R. 4:5-1(b)(3) CERTIFICATION

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

**Dated: August 26, 2022**

**Attorneys for Plaintiffs**

By: _ s/ John D. Coyle_

**COYLE LAW GROUP LLP**
John D. Coyle, Esq. (0296362001)
Donald A. Soutar, Esq. (024521999)
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel. (973) 370-0592
jcoyle@coylelawgroup.com

# Exhibit A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/27/2022

**To:** Joseph DeLuise
1 Windsor Lane
Lopatcong, NJ 08865

Charge No: 17E-2022-00098

EEOC Representative and email:      Damon A. Johnson
State, Local and Tribal Program Manager
Damon.Johnson@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because you have already filed a lawsuit in a state court on this matter.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/27/2022

Karen McDonough
Enforcement Manager

**cc:**

For Charging Party:

John Coyle, Esq.
Coyle Law Group
55 Madison Avenue, Suite 400
Morristown, NJ 07960

For Respondent:

Sara Bernstein, Esq.
Fox Rothschild
49 Market Street
Morristown, NJ 07960

Please retain this notice for your records.

# Exhibit B

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/27/2022

**To:** Sean Gaynor
74 Reynolds Avenue
Whippany, NJ 07981

Charge No: 17E-2022-00041

EEOC Representative and email:    Damon A. Johnson
State, Local and Tribal Program Manager
Damon.Johnson@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is terminating its processing of this charge. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/27/2022
Karen McDonough
Enforcement Manager

**cc:**
For Charging Party:

John Coyle, Esq.
Coyle Law Group
55 Madison Avenue, Suite 400
Morristown, NJ 07960

For Respondent:

Sara Bernstein, Esq.
Fox Rothschild
49 Market Street
Morristown, NJ 07960

Please retain this notice for your records.

# Exhibit C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/27/2022

**To:** Daniel Keenan
3 Roseland Avenue
Roseland, NJ 07068

Charge No: 17E-2022-00124

EEOC Representative and email:     Damon A. Johnson
State, Local and Tribal Program Manager
Damon.Johnson@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is terminating its processing of this charge. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/27/2022
Karen McDonough
Enforcement Manager

cc:
For Charging Party:

John Coyle, Esq.
Coyle Law Group
55 Madison Avenue, Suite 400
Morristown, NJ 07960

For Respondent:

Sara Bernstein, Esq.
Fox Rothschild
49 Market Street
Morristown, NJ 07960

Please retain this notice for your records.

# Exhibit D

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/27/2022

**To:** Carmine Ruta
29 Beaver Brook Lane
Denville, NJ 07834

Charge No: 17E-2022-00086

EEOC Representative and email: Damon A. Johnson
State, Local and Tribal Program Manager
Damon.Johnson@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you have already filed a lawsuit in a state court on this matter.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
05/27/2022

Karen McDonough
Enforcement Manager

cc:

For Charging Party:

John Coyle, Esq.
Coyle Law Group
55 Madison Avenue, Suite 400
Morristown, NJ 07960

For Respondent:

Sara Bernstein, Esq.
Fox Rothschild
49 Market Street
Morristown, NJ 07960

Please retain this notice for your records.