

JOHN D. COYLE
Partner
201 Littleton Rd., Ste. 210
Morris Plains, NJ 07950
jcoyle@coylemorris.com
t. 973.370.3519
f. 973.860.5520

September 1, 2023

**VIA ECF**
Hon. Jessica S. Allen, U.S.M.J.
United States District Court for the
    District of New Jersey
50 Walnut Street
Newark, NJ  07101

      Re:    ***Frank Balistriere, et al. v. Township of West Orange, et al.***
             **Civil Action No. 2:22-5447**

Dear Judge Allen:

      This firm represents the plaintiffs in this matter.  Please accept this letter brief, in lieu of a more formal brief, in support of Plaintiffs' motion for reconsideration of the Court's August 24, 2023 Order.  Paragraph 1 of that Order directed Plaintiffs to provide "Defendants' counsel with executed HIPAA authorizations for Plaintiffs' medical records for the last five (5) years" on or before September 1, 2023.  [ECF # 21, ¶ 1.]  In its reasons discussed on the record, the Court placed great weight on the Opinion of the Eastern District of Pennsylvania in Plaintiff *Kennedy v. PEI-Genesis*, No. 2:23-cv-00164-JDW, 2023 U.S. Dist. LEXIS 99729 (E.D. Pa. June 8, 2023) ("*Kennedy*").  Plaintiffs respectfully contend that the Court's reliance on *Kennedy* was misplaced and resulted in a clear error of law and will result in manifest injustice if not addressed.

**ABBREVIATED STATEMENT OF FACTS
AND PROCEDURAL HISTORY**

      The operative Complaint in this matter is a *Second Amended Complaint*, which was originally filed in the Superior Court of New Jersey and is appended to Defendants' Notice of Removal.  [ECF #1].  The Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD"), and, as to certain Plaintiffs,

Hon. Jessica S. Allen, U.S.M.J.
September 1, 2023
Page 2

the Americans with Disabilities Act ("ADA"). [ECF #1 at PageID: 47 - 55.] The Complaint also seeks a Declaratory Judgment that Plaintiffs are entitled to injunctive relief pursuant to Title VII, NJLAD and ADA. [ECF #1 at PageID: 55-56]. Aside from injunctive relief in the Declaratory Judgment claim, Plaintiffs seek entry of a judgment awarding:

      a. Compensatory damages;

      b. Punitive damages;

      c. Attorneys' fees and costs of suit; and

      d. Such other relief as the Court may deem proper and just.

[*See, e.g.,* ECF #1 at PageID: 48.] Noticeably absent from Plaintiffs' Complaint is any claim for damages for emotional distress. Indeed, neither the word "emotional" nor the word "distress," much less the phrase "emotional distress," appears in the Complaint. [*See* ECF #1 at PageID: 9-56.] There is, of course, no claim for either negligent or intentional infliction of emotional distress. [*Id.*]

By letter dated July 11, 2023, Defendants sought the Court's intervention to require Plaintiffs to execute broad HIPAA Authorization forms for Plaintiffs' medical records for the last five years. [ECF #17.] As Defendants noted in their letter, the Plaintiffs at issue[1] "are only seeking 'garden variety emotional distress damages' and 'will be relying solely on their written discovery responses and testimony to establish the existence of, and quantum of, their damages.'" [ECF #17 at PageID: 192.] Plaintiffs responded by letter dated July 13, 2023, contending that those "Plaintiffs who obtained religious exemptions have not placed their physical or mental condition

---

[1] Plaintiffs Ruta and Rivas, who have brought claims under Title VII and the ADA based on medical issues, have provided signed authorizations.

Hon. Jessica S. Allen, U.S.M.J.
September 1, 2023
Page 3

in issue and requiring HIPAA authorizations is inappropriate." [ECF #19 at PageID: 233.] The parties appeared before Your Honor by telephone on August 23, 2023, at which point Your Honor heard the positions of the parties and placed a decision on the record, which was followed by entry of the August 24, 2023 Order. [ECF #21.]

Plaintiffs respectfully request that Your Honor reconsider Paragraph 1 of the August 24th Order, which requires execution of HIPAA Authorizations.

In the interim, the undersigned has obtained signed authorizations from each of the Plaintiffs. We are holding the Authorizations for those Plaintiffs whose exemptions requests are based solely on religion, but have proposed to provide them to Defendants now if they will agree to hold them pending the outcome of this motion.

## LEGAL ARGUMENT

The Court's Local Civil Rule 7.1(i) provides for the filing of a motion for reconsideration. L. Civ. R. 7.1(i); *Bobbitt v. Sims Metal Mgmt.*, No. 2:20-cv-07577 (BRM) (ESK), 2023 U.S. Dist. LEXIS 146028, at *3 (D.N.J. Aug. 21, 2023). Local Civil Rule 7.1 requires the movant to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court may grant reconsideration on one or more of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Court should not apply this standard mechanistically, but should consider the facts presented to ensure the appropriate exercise of its discretion. *Id.*

Here, Plaintiffs contend that reconsideration is necessary to correct a clear error of law and to prevent a manifest injustice through unwarranted intrusion into otherwise private health records.

Aside from references standing for general discovery principles, the Court relied solely on *Kennedy* to support of its holding:

> The case of Kennedy v. PEI-Genesis -- it's an Eastern District of Pennsylvania case. It is 2023 WL Eastern District of Pennsylvania case. It is 2023 WL 3898893. It is June 8, 2023 -- where the court was faced with a similar legal claim and a similar request, although it came before the court by way of a motion for a protective order that was filed by the plaintiffs and, therefore, was analyzed under the Pansy factors. But the facts and circumstances were similar wherein the court noted that judge is required to consider the plaintiff's privacy interests in keeping the medical records from being disclosed.
>
> However, as the court noted, "The plaintiff had no reasonable expectation that those records would remain private once he filed a lawsuit predicated on his religious beliefs related to consuming medication and vaccinations. A reasonable person would understand that filing such a lawsuit would open relevant medical records discovery. In these circumstances, the constitution doesn't bar me from compelling their disclosure. If anything, the defendant's right to a fair trial compels me to do so." And that's coming, again, from the Kennedy case at page 3.
>
> I find the court's reasoning in Kennedy to be persuasive. Again, discovery is broad. The medical and mental health has been put at issue, both based on the nature of the claims that have been asserted here as well as plaintiffs seeking emotional distress damages. And so I find that defendant's request, as limited to five years, is proper, both in time and in scope. And so I'm going to order that the plaintiffs -- I'm going to grant the defendant's request to compel the plaintiffs to execute HIPAA authorization forms. Again, I don't know if Mr. Ruta -- it sounds like -- has already done so. But for any plaintiff who hasn't already done so, for the past five years for their medical records, plaintiffs' past vaccine history, reactions, and any other medical history related to other vaccines received by the plaintiff.

[ECF #22 at 27:25 to 29:9.]

Plaintiffs respectfully contend that the Court overlooked that the factual underpinning of *Kennedy* is drastically different from the facts at bar and, inasmuch as the Court raised *Kennedy*

Hon. Jessica S. Allen, U.S.M.J.
September 1, 2023
Page 5

*sua sponte*, Plaintiffs' counsel was unable to present those distinguishing characteristics to the Court at the August 23, 2023 hearing.

As noted above, Plaintiffs: (i) made no separate claim for the infliction of emotional distress; (ii) made no demand for emotional distress damages in their Complaint; (iii) claimed only "garden variety" emotional distress; and (iv) indicated that they rely only on their testimony, and not on medical records or the testimony of any mental health expert. This is fully consistent with rulings that denied requests for broad HIPAA authorizations, such as the request here. *See Tavarez v. Twp. of Egg Harbor*, No. 09-6119-JHR-KMW, 2012 U.S. Dist. LEXIS 201428, at *12 (D.N.J. Aug. 3, 2012) ("It is apparent that the term 'garden-variety' emotional distress is used to describe general, simple distress relating to a plaintiff's pain and suffering sought via compensatory damages.") To the extent that the Court found Plaintiffs were seeking emotional distress damages, we respectfully contend that the Court was in error.

*Kennedy*, on the other hand, is diametrically opposite. The *Kennedy* Court found that the plaintiff had put his "mental health at issue" by "pleading emotional distress." *Kennedy,* 2023 U.S. Dist. LEXIS 99729, at *6. *See also,* 2023 U.S. Dist. LEXIS 99729, at *11 ("Mr. Kennedy's claim for emotional distress damages also makes his medical records fair game.") The Court further explained that Mr. Kennedy's medical records should be made available "because he might have made a comment to a physician about stress or other sources of emotional distress (it's a common question during physicals) and because physical ailments can contribute to emotional distress." *Kennedy*, 2023 U.S. Dist. LEXIS 99729, at *11-12. The Eastern District's holding is premised on exploring the plaintiff's claim for emotional distress. That justification is completely lacking here and Plaintiffs respectfully contend that reliance on *Kennedy* here is misplaced.

To be clear, Plaintiffs agree that Messrs. Rivas and Ruta, who each sought medical exemptions from Defendants, should be required to provide relevant medical records. Mr. Ruta and Mr. Rivas have provided signed HIPAA Authorizations to Defendants. [ECF #22 at 9:8-9; Certification of John D. Coyle ("Coyle Cert."), Ex. A.] The remainder of the Plaintiffs, however, have neither pled nor asserted an entitlement to damages for emotional distress, other than "garden-variety" emotional distress, which Courts have distinguished. *See Tavarez v. Twp. of Egg Harbor*, No. 09-6119-JHR-KMW, 2012 U.S. Dist. LEXIS 201428, at *12 (D.N.J. Aug. 3, 2012) ("It is apparent that the term 'garden-variety' emotional distress is used to describe general, simple distress relating to a plaintiff's pain and suffering sought via compensatory damages.")[2]

---

[2] When considering requests for psychotherapy records, which are also sought here, Courts in this District and across the country have routinely protected psychotherapy records from disclosure in cases where only garden-variety emotional distress was at issue. *Jackson v. Chubb Corp.,* 193 F.R.D. 216, 225 n.8 (D.N.J. 2000) ("Simply put, where a plaintiff merely alleges 'garden variety' emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the psychotherapist-patient privilege."); *Michaels v. Rutgers Univ.*, Civil Action No. 15cv7603 (JLL)(SCM), 2017 U.S. Dist. LEXIS 168181, at *11 (D.N.J. Oct. 11, 2017) (Stating the rule: "Where a plaintiff merely alleges 'garden variety' emotional distress, i.e., claims of embarrassment, humiliation, and/or mental anguish, and does not allege a specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her medical or mental condition at issue to justify a waiver of privilege."); *Tavares v. Lawrence & Mem'l Hosp.,* No. 3: 11 - CV - 770 (CSH), 2012 U.S. Dist. LEXIS 134881, at *14-15 (D. Conn. Sep. 20, 2012) ("[T]he Second Circuit made clear in *Sims v. Blot* [534 F.3d 117 (2d Cir. 2008)] that it has adopted a narrow view of waiver, requiring the plaintiff to make more than a 'garden variety' claim for emotional distress, that is more than a claim of emotional injury for damages ordinarily associated with a conventional claim for pain and suffering."); *Miles v. Century 21 Real Estate LLC*, No. 4:05-CV-1088 GTE, 2006 U.S. Dist. LEXIS 67974, at *9 (E.D. Ark. Sep. 21, 2006) ("Considering Plaintiffs' representations that they will not offer medical records, counseling records, or expert testimony to prove their emotional distress claims, Plaintiffs have met their burden to show that the information requested in Interrogatory 10 is irrelevant under Fed. R.Civ. P. 26(b)(1) or is of such marginal relevance that the ordinary presumption in favor of disclosure is outweighed by any potential harm.") *See also, Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445 (N.D.N.Y. 2000) (no waiver by claim for incidental emotional distress damages); *Krocka v. City of Chicago*, 193 F.R.D. 542 (N.D. Ill. 2000) (plaintiff who limited

Hon. Jessica S. Allen, U.S.M.J.
September 1, 2023
Page 7

There is further need for caution in reliance on *Kennedy* because of its underdeveloped record. As the *Kennedy* Court notes,

> Mr. Kennedy claims that I violated his right to due process because I didn't give him an opportunity to respond to PEI-Genesis's Motion To Compel. That's not true. I scheduled and held a telephone conference to discuss the Motion with the Parties pursuant to Section II.C.1 of my Policies And Procedures.[3] That Section also notes that in most cases I decide discovery motions during the conference.[4] I gave Mr. Kennedy's counsel an opportunity to tell me why I should deny the Motion and asked if she could cite case law supporting her arguments. She couldn't do so, and due process doesn't obligate me to order responsive briefing on a run-of-the-mill discovery dispute just because she was unprepared. Mr. Kennedy had notice of my procedures and an opportunity to argue against the Motion. That's due process, even if it's not the process that every judge uses.

*Kennedy*, 2023 U.S. Dist. LEXIS 99729, at *2-3. The underlying determination to require HIPAA Authorizations in *Kennedy* was therefore based on an incomplete record, the absence of briefing by the non-movant, the absence of substantive argument by the non-movant, and the denial of an

---

emotional distress damages to embarrassment and humiliation did not waive privilege); *Jackson v. Chubb Corp.*, 193 F.R.D. 216 (D.N.J. 2000) (garden-variety emotional distress claim does not waive the privilege); *Speaker ex rel. Speaker v. County of San Bernardino*, 82 F.Supp.2d 1105 (C.D.Cal., 2000) (no waiver unless mental state or communication with therapist at issue); *Fritsch v. City of Chula Vista*, 196 F.R.D. 562, 568 (C.D. Cal. 1999) (no waiver unless therapist as witness or communication with therapist at issue); *Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D. Ill. 1999) (self-imposed limits on emotional distress claim preserves privilege); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 225- 30 (D.Mass.1997) (no waiver where plaintiff sought incidental emotional distress damages).

[3]   Section II.C.1 of Judge Wolson's <u>twenty-nine-page</u> individual rules provides that "Judge Wolson will schedule a telephone conference with counsel to discuss the motion before the filing of any responsive brief" and that "[i]n most cases, Judge Wolson expects to rule promptly on discovery motions and often decides such motions during the telephone conference."

[4]   Judge Wolson's individual rules also limit the movant on a discovery motion to "five (5) pages or 1,750 words." *Kennedy*, 2023 U.S. Dist. LEXIS 99729, at *2; Judge Wolson's individual rules, § II.C.1. (available at https://www.paed.uscourts.gov/documents/procedures/wolpol.pdf (last visited 8/31/2023)).

opportunity to provide substantive argument through further briefing. Plaintiffs respectfully contend that reliance on *Kennedy* as precedent is suspect, at best.

Given *Kennedy's* distinguishing fact pattern and its questionable use of the adversary process, this Court should reconsider Paragraph 1 of its August 24th Order in order to avoid an erroneous application of *Kennedy* to the facts at bar.

Reconsideration is further warranted to prevent a manifest injustice. Defendants' HIPPA Authorization forms are grossly overbroad and are obviously intended to be as intrusive as possible. For example, the HIPAA forms contain a laundry list of overly intrusive requests that have no bearing on any fact at issue here, including:

- Pathology and cytology records and reports. What possible bearing could pathology or cytology reports have on whether a particular plaintiff has a sincerely held religious belief regarding the COVID-19 vaccine?

- "[P]ersonal histories, medical histories, social histories, family histories." Do Defendants need a record of the medical conditions that afflicted <u>family members</u> to determine a <u>Plaintiff's</u> sincerely held religious beliefs?

- "Reprints/radiographic copies of actual x-ray films . . . actual medical scans . . . all radiographic films and/or data." How are x-rays and other medical scans related in any way to whether a Plaintiff has a religious aversion to the COVID-19 vaccine?

Coyle Cert., Ex. B. The answers to all of these questions, of course, is that none of this information is remotely relevant to any claims or defenses in this matter.[5] This Court must reconsider its August 24th Order to prevent a manifest injustice through the wholesale disclosure of private,

---

[5] Does Defense counsel really believe that it is entitled to receive "slides, tissue blocks, recuts and stains" in connection with a Title VII religious discrimination claim? Coyle Cert., Ex. B.

highly intrusive, and otherwise protected health information that has no bearing whatsoever on the claims and defenses in this matter.

As the Court is aware, Plaintiffs have presented an entirely reasonable proposal that would provide those portions of the Plaintiffs' medical records that reflect information related to medications prescribed, taken, and rejected, but spares the Plaintiffs the disclosure of irrelevant and intrusive information. We respectfully contend that revisiting this proposal serves both parties' needs in a manner that is more proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its August 24, 2023 Order [ECF #21] and, upon reconsideration, vacate Paragraph 1 of that Order.

Respectfully submitted,

*s/ John D. Coyle*

John D. Coyle

cc.   Richard D. Trenk, Esq. (via ECF)
      Mark Y. Moon (via ECF)