UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER ORDER**

October 10, 2023

TO: ALL COUNSEL OF RECORD

Re:  Balestiere, et al. v. Township of West Orange, et al.
     Civil Action No. 22-5447 (EP) (JSA)

Dear Counsel:

Before the Court is Plaintiffs'[1] motion for reconsideration, pursuant to Local Civil Rule 7.1(i), of this Court's August 24, 2023 Order (the "August 24th Order"), directing Plaintiffs to provide "Defendants' counsel with executed HIPAA authorizations for Plaintiffs' medical providers for the last five years and Plaintiffs past vaccine history, reactions, and any other medical history related to other vaccines received by Plaintiffs." (ECF No. 23). Defendants[2] oppose the motion. (ECF No. 24). No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

I.  **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are seven (7) firefighters employed by the Township of West Orange. (Compl., ¶¶ 2-8; ECF No. 1). During the COVID-19 pandemic, the Township of West Orange required, as a condition of employment, vaccination against COVID-19. (Compl., ¶ 59). Plaintiffs Balestriere, DeLuise, Keenan, Gaynor, and Neto submitted requests for exemptions due to their religious beliefs. (Compl., ¶ 62). Plaintiffs Rivas and Ruta submitted requests for exemptions due to their medical conditions. (Compl., ¶ 63). Ultimately, Plaintiffs declined to be vaccinated against COVID-19, and Defendants, as a result, placed them on unpaid administrative leave. (Compl., ¶ 70). On March 17, 2022, Plaintiffs filed a Complaint in New Jersey Superior Court, alleging religious and disability discrimination in violation of federal and state civil rights statutes, including the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("NJLAD"), Title VII of the Civil Rights Act ("Title VII"), and the Americans with Disabilities Act ("ADA").

---

[1] Plaintiffs are Frank Balestriere, Joseph DeLuise, Sean Gaynor, Daniel Keenan, Sergio Rivas, Carmine Ruta, and Joseph Neto (collectively, "Plaintiffs").

[2] Defendants are the Township of West Orange, Chief Financial Officer John Gross, Fire Chief Anthony Vecchio, and former Mayor Robert D. Parisi (collectively, "Defendants").

(Compl., ¶¶ 2-8; ECF No. 1).  Following the filing of two amended complaints, on September 7, 2022, Defendants removed the case to this Court.  (ECF No. 1).

On January 11, 2023, Defendants issued Plaintiffs back pay for the time they were placed on unpaid leave and requested permission to file a motion for summary judgment, contending the case was moot since Plaintiffs did not sustain any damages.  (ECF No. 12).  In response, the Undersigned held a Telephone Status Conference to address Defendants' request.  On February 9, 2023, the Undersigned entered an Order directing Plaintiffs "to immediately update their Rule 26 initial disclosures regarding the computation of each category of damages claimed . . . to include Plaintiffs' claim for damages relating to emotional distress." (ECF No. 13).  Thereafter, Plaintiffs amended their Rule 26 disclosures to make clear that they sought damages for emotional distress in this case, as follows:

> f. Compensation for emotional distress to reflect the increased stress, anxiety, humiliation, depression, and generalized psychological injuries suffered by the Plaintiffs as a result of Defendants' discrimination;
>
> g. Compensation for emotional distress to reflect the damage done to Plaintiffs' standing in the community and civic organizations, as well as to their interpersonal relationships with family, friends, and individuals, and with members of the community at large as a result of Defendants' discrimination.

(Certification of Richard D. Trenk, Esq. ("Trenk Cert.") Ex. E ¶ 3(f)-(g); ECF No. 24-1).

## II.   THE CURRENT DISPUTE

On July 11, 2023, Defendants submitted a letter application, requesting that the Court compel Plaintiffs to execute HIPAA authorizations covering "Plaintiffs' medical records for the last five (5) years and Plaintiffs' past vaccine history, reactions, and any other medical history related to other vaccines received by Plaintiffs" (the "July 11th Application"; ECF No. 17). Defendants argued that Plaintiffs' medical records and history of vaccinations were highly probative of their refusal to obtain the COVID-19 vaccine.  (*Id.* at 3).  On July 13, 2023, Plaintiffs opposed the request, contending that the discovery sought was not relevant because Plaintiffs had not placed their "physical or emotional" health at issue and because Plaintiffs only sought so-called "garden variety" emotional distress.  (ECF No. 19).

On August 23, 2023, the Court held a Telephone Status Conference and oral argument on Defendants' July 11th Application (the "August 23rd Conference").  Plaintiffs' counsel appeared to concede the relevance of Plaintiffs' vaccination histories.  (*See* Transcript dated August 23, 2023 ("Tr.") at 22:11-23; 26:3-7; ECF No. 22)).  Nevertheless, other than Plaintiffs Ruta and Rivas,[3] Plaintiffs continued to oppose executing HIPAA authorizations for medical records beyond vaccination histories.  After hearing argument, the Undersigned issued an Oral Opinion on the

---

[3] Plaintiffs Ruta and Rivas, who have brought discrimination claims based on medical issues, have provided signed authorizations.  Thus, these two plaintiffs are not seeking reconsideration of the Court's August 24th Order. (ECF No. 23-1 at 2 n.1).

record, concluding that Plaintiffs' "medical and mental health has been put at issue, both based on the nature of the claim[s] that have been asserted here as well as plaintiffs seeking emotional distress damages." (*Id.* at 28:21-29:9). The Undersigned concluded that Defendants must be permitted to explore Plaintiffs' vaccination histories and medical records to defend against Plaintiffs' claims of religious discrimination and to investigate other potential stressors in Plaintiffs' lives that could contribute to or cause emotional distress. (*Id.* at 23:3-13; 24:1-15; 28:6-29:9). The Undersigned's ruling during the August 23rd Conference was memorialized in the August 24th Order, which states in relevant part: "Plaintiffs shall provide Defendants' counsel with executed HIPAA authorizations for Plaintiffs' medical providers for the last five years and Plaintiffs' past vaccine history, reactions, and any other medical history related to other vaccines received by Plaintiffs." (ECF No. 21).

On September 1, 2023, Plaintiffs filed the present motion for reconsideration. (ECF No. 23). Plaintiffs advance two key arguments. First, reconsideration is necessary to "correct a clear error of law and to prevent a manifest injustice through unwarranted intrusion into otherwise private health records." (*Id*). Plaintiffs contend that "[t]o the extent the Court found Plaintiffs were seeking emotional distress damages, we respectfully contend the Court was in error." (*Id.* at 5). Yet, it is curious that, on reconsideration, Plaintiffs again argue that they are seeking emotional distress, but that they seek only those of the "garden variety" kind, and thus discovery into their medical records is not warranted. (*Id.* at 6). Second, Plaintiffs claim, for the first time, that the HIPAA authorizations seek information that could invade the psychotherapist-patient privilege and are overbroad. (*Id.* at 6 n.2 & 8).

In opposition, Defendants contend that Plaintiffs have unquestionably placed their physical and emotional health at issue. (ECF No. 24 at 5). Defendants further contend that to the extent Plaintiffs claim they are not seeking emotional distress, they plainly misrepresent the record, given their amended Rule 26 disclosures, which specifically seek emotional distress damages. (*Id.* 5-7). Finally, Defendants contend Plaintiffs are merely attempting to re-litigate issues already decided, which is inappropriate on a motion for reconsideration. (*Id.* at 8-9).

## III.  LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration. The rule requires the moving party to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked...." L. Civ. R. 7.1(i). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citation omitted); *see also Walsh v. Walsh*, 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017). To prevail on a motion for reconsideration, the moving party must show either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its Order]; or (3) the need to correct a clear error of law or prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). A motion that merely raises a disagreement with the Court's decision is not an appropriate basis for reconsideration. *Cottrell v. Good Wheels*, 2011 WL 3361522, at *4 (D.N.J. Aug. 3, 2011), *aff'd*, 458 F. App'x 98 (3d Cir. 2012). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.' " *Oritani, S&L v.*

3

*Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Finally, reconsideration is not an opportunity to assert matters that the movant could have raised before the Court reached its original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); *Lampon-Paz v. Dep't of Justice*, No. 16-9071 (KM), 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017) (noting that "[e]vidence or arguments that were available at the time of the original decision will not support a motion for reconsideration.").

## IV. **DECISION**

In their motion, Plaintiffs do not point to any clear error of law. They also do not set forth a basis for finding manifest injustice or cite to new evidence that was previously unavailable. Initially, it is not clear whether Plaintiffs are continuing to oppose executing HIPAA authorizations for their vaccination records. During the August 23rd Conference, Plaintiffs' counsel appeared to have acknowledged on the record that Plaintiffs' religious discrimination claims have placed their vaccination records at issue. (*See* Tr. at 22:11-23). However, even if Plaintiff has not conceded this issue, this Court previously determined that by raising religious-based objections to the COVID-19 vaccine, Plaintiffs' vaccination records are relevant. *See Kennedy v. PEI-Genesis*, 2023 WL 3898893 (E.D. Pa. June 8, 2023); *Villareal v. Rocky Knoll Health Care Ctr.*, 2022 WL 875287 (E.D. Wis. Mar. 24, 2022) (religious objection to COVID-19 vaccine placed medical history at issue).

The Court next considers Plaintiffs' argument that their medical and mental health records are not relevant because they have limited their request for damages to "garden-variety" emotional distress damages. This is nothing more than a game of semantics and an improper request of this Court to reconsider what it has already carefully thought through. As this Court explained in its prior oral opinion, Plaintiffs have placed their emotional health at issue by unequivocally seeking emotional distress damages, as detailed in their amended Rule 26 disclosures. (*See* Trenk Cert., Ex. E ¶ 3(f)-(g)). Accordingly, the records are relevant. To that end, this Court previously determined that Defendants are entitled to explore, in discovery, other external factors that may have contributed to Plaintiff's purported emotional distress. (*Id.* at 23:3-13; 24:1-15; 28:6-29:9). Describing the emotional distress damages sought as "garden-variety" does not change the fact that Plaintiffs still seek compensation for their purported emotional distress injuries.[4] Plaintiffs' motion merely sets forth their re-argument and disagreement with the Court's prior decision. *See*

---

[4] In support of reconsideration, Plaintiffs rely on decisions wherein the courts limited discovery into medical records because the plaintiff sought only "garden variety" emotional distress. (ECF No. 23 at 5-6). To the extent Plaintiffs previously presented any of these cases in connection with Defendants' July 11th Application, the Court has already considered and rejected Plaintiffs' argument. Now, they improperly seek to re-argue the Court's decision. *See Hoffmann-La Roche, Inc. v. Roxane Labs, Inc.*, 2011 WL 2446600 (D.N.J. June 16, 2011). In any event, numerous cases from this Circuit support discovery into medical records when a plaintiff places his/her emotional health in issue, regardless of how the claim for emotional distress damages is described or sought. *See, e.g., Yarrow v. Thomson Healthcare*, 2010 WL 11693233, at *1-2 (D.N.J. Apr. 1, 2010) (requiring production of therapy records despite claim of garden variety emotional distress); *Frazier v. Shinseki*, 2014 WL 1618448, at *1 (W.D. Pa. Apr. 22, 2014) (noting, in case alleging garden variety emotional distress, "[D]istrict courts in this Circuit have consistently espoused a broad view of waiver and held that a request for damages based on emotional distress, without more, places the plaintiff's mental state at issue and waives . . . privilege."); *McKinney v. Del. Cty. Memorial Hosp.*, 2009 WL 750181, at *5 (E.D. Pa. Mar. 20, 2009) (collecting cases, and noting, "the issue, however, is not how Plaintiff intends to prove her emotional distress damages, but, rather Defendants' right to defend themselves fully against Plaintiff's claims"); *Bowen v. Parking Auth. of City of Camden*, 214 F.R.D. 188, 195-96 (D.N.J. 2003).

*Oritani, S&L,* 744 F. Supp. at 1314 (re-argument inappropriate in context of motion for reconsideration).

As to Plaintiffs' contention that this Court improperly found *Kennedy* persuasive, this does not amount to a clear error of law or a manifest injustice.[5] (ECF No. 23 at 5-7). Plaintiffs' position amounts to nothing more than a mere disagreement with the Court's conclusion, and thus the Court finds it is an inappropriate basis to seek reconsideration. *See In re Liptor Antitrust Litig.*, 2103 WL 2149689, at *2 (D.N.J. May 16, 2013).

Finally, Plaintiffs' remaining arguments about psychotherapist-patient records and the scope of the HIPAA authorizations and the nature of materials covered by them, (ECF No. 23 at 6, 8), have been raised for the first time on reconsideration, which violates Local Rule 7.1(i). *See Cottrell*, 2011 WL 3361522, at *4. Putting that aside, the Court also disagrees with these arguments on the merits, for the reasons already stated above; specifically, that Plaintiffs have placed their mental health at issue and all potential avenues of alternative stressors are relevant discovery. *See, e.g., Yarrow*, 2010 WL 11693233, at *1-2 (ordering discovery of treatment records); *Frazier*, 2014 WL 1618448, at *1 (same).

## V.     CONCLUSION

For the above stated reasons, Plaintiffs have completely failed to carry the burden imposed by Local Civil Rule 7.1(i). Therefore, Plaintiffs' motion for reconsideration, (ECF No. 23), is **DENIED**. Plaintiffs are directed to provide Defendants' counsel with the executed HIPAA authorizations referenced in the August 24th Order within ten (10) days.

The Clerk of the Court is requested to terminate ECF No. 23.

**SO ORDERED**.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

cc:  Hon. Evelyn Padin, U.S.D.J.

---

[5] In *Kennedy*, the Court granted the defendant's request to compel execution of HIPAA authorizations based on the plaintiff's allegations of religious discrimination and emotional distress arising out of his refusal of the COVID-19 vaccination. 2023 WL 3898893, at *1, 3-4.