NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BALESTRIERE, *et al.*,

    Plaintiffs,

v.

TOWNSHIP OF WEST ORANGE, *et al.*,

    Defendants.

No. 22cv5447 (EP) (JSA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

    Pending before the Court is the Report and Recommendation of the Hon. Jessica Allen, U.S.M.J., which recommends that the District Court deny Defendants' cross-motion to enforce the settlement terms agreed to by the parties in the above-captioned case. D.E. 70 ("R&R"). As Judge Allen noted, motions to enforce settlement agreements are dispositive. *SpaceAge Consulting Corp. v. Logic Corp.*, No. 15-3413, 2018 WL 3159867, at *1 (D.N.J. May 31, 2018) (citing *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697, 702-03 (3d Cir. 1988)).

    By way of brief background, this dispute arises from the deteriorated relationship between two lawyers, Messrs. John D. Coyle and Jesse C. Morris. R&R at 2. The original complaint in this action was filed by Coyle, then a partner of CLG LLP. *Id.* In 2022, CLG LLP changed its name to Coyle and Morris LLP ("C&M"). *Id.* Morris was a partner at both firms. *Id.* After this case was removed to this Court, Coyle, as a member of C&M, represented Plaintiffs through settlement, reached on October 9, 2024. *Id.* Coyle withdrew from C&M on or about October 16, 2024, and formed a new firm, CLG PC on or about October 21, 2024. *Id.*

    Morris filed a motion to allocate fees, arguing that C&M is entitled to attorneys' fees from the settlement, which Judge Allen denied. *Id.* at 3. Coyle separately cross-moved to enforce the

settlement agreement. D.E. 58 ("Cross-Motion"). Judge Allen recommends the Cross-Motion be denied because a dispute over how proceeds of a settlement should be disbursed is not the proper subject of a motion to enforce. R&R at 4-5.

When magistrate judges address dispositive motions, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(a)(2). When a party properly objects to a report and recommendation, a magistrate judge's recommended disposition of a dispositive matter is subject to *de novo* review. Fed. R. Civ. P. 72(b). Where no objection has been made within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges). The District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3). Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). No objections were made to the R&R by the Court's deadline.

The Court has reviewed the R&R under the appropriate standards and agrees with Judge Allen's analysis. As Judge Allen noted, Defendants do not appear to ask the Court to enforce the "material terms of the settlement reached between them and Plaintiffs," but instead ask the Court to weigh in on its implementation; specifically, to whom settlement proceeds should be paid. R&R at 4. Moreover, the parties themselves do not dispute the material terms of the agreement, "i.e., what claims are being released and in consideration for what amount of money." *Id.* As "any unresolved issues regarding the scope of the releases relate to 'implementation' of the agreement

rather than to its 'essential terms,'" *Lee v. Donald Nuckel & Co., Inc.*, No. 19-18478, 2022 WL 4976309, at *3 (D.N.J. Oct. 4, 2022), Judge Allen properly found that the parties' current disputes are not the proper subject of a motion to enforce. R&R at 4-5. Accordingly, the Court will **ADOPT** the R&R.

**IT IS**, on this **24th** day of June, 2025;

**ORDERED** that the R&R, D.E. 70, is **ADOPTED**; and it is further

**ORDERED** that the Cross-Motion, D.E. 58, is **DENIED**.

Evelyn Padin, U.S.D.J.